```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
```

Sonia Lynn Kimber,              :
    Plaintiff,              :
                             :
    v.                       :    File No. 2:07-CV-198
                             :
Prisoner Health Services,       :
Inc., Dale Correctional         :
Facility,                       :
    Defendants.              :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 5)

Plaintiff Sonia Lynn Kimber, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 claiming that she was given excessive and improper medication while incarcerated at the Dale Correctional Facility. Dale Correctional Facility now moves to dismiss, arguing that it is immune from suit under the Eleventh Amendment, and that any claim for injunctive relief is moot because Kimber has been released. The motion is unopposed. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and that Dale Correctional Facility be DISMISSED from the case.

### Factual Background

Kimber claims that while she was an inmate at Dale Correctional Facility for women, employees and/or agents of defendant Prisoner Health Services gave her an

overdose of Dilantin.  Kimber takes Dilantin to control her epilepsy.  The complaint also alleges that when she was brought to a hospital, tests showed high levels of Phenobarbital, a medication that had not been prescribed for her.  For relief, Kimber seeks "justice and to make sure this doesn't happen or effect [sic] another person." (Paper 3 at 3).

## Discussion

I.  Motion to Dismiss Standard

Dale Correctional Facility now moves to dismiss Kimber's claims against it pursuant to Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  "To survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  The Court remains mindful that *pro se* pleadings are to be

read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

II.  Monetary Damages

Dale Correctional Facility first argues that it may not be sued for monetary damages under 42 U.S.C. § 1983 because it is a state-run facility entitled to immunity under the Eleventh Amendment.  A correctional facility is an arm of the state for Eleventh Amendment purposes.  See Allen v. Woods, 2007 WL 1231610, at *1 n.1 (N.D.N.Y. Apr. 23, 2007).

The Eleventh Amendment bars suits for damages brought in federal court against unconsenting states or state officials sued in their official capacities.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974).  A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed.  Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985).  Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment.  Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).  Section 1983 does not override Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 341 (1979).

In this case, there is no indication that Congress has abrogated Vermont's sovereign immunity. It is also clear that Vermont has not waived its immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g). Accordingly, to the extent that Kimber is suing the Dale Correctional Facility for damages, her claims should be DISMISSED.

III.  Injunctive Relief

Kimber's claims for relief, including her desire that "this doesn't happen or effect [sic] another person," may constitute a request for prospective injunctive relief. The Eleventh Amendment allows for prospective injunctive relief from state officials sued in their official capacities. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Ex parte Young, 209 U.S. 123, 159-60 (1908). Kimber has not sued any such officials here. Furthermore, her request for injunctive relief is moot, since she was released from prison on September 21, 2007, and reports her address as an apartment in Burlington, Vermont. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006). Finally, Kimber has "no inherent standing to sue on behalf of [her]

4

fellow prisoners." <u>Nilsson v. Coughlin</u>, 670 F. Supp. 1186, 1190 (S.D.N.Y. 1987) (citing <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27 (3d Cir. 1981)).

<u>Conclusion</u>

For the reasons set forth above, I recommend that Dale Correctional Facility's unopposed motion to dismiss (Paper 5) be GRANTED, and that Dale Correctional Facility be DISMISSED as a defendant in this case.

Dated at Burlington, in the District of Vermont, this <u>23rd</u> day of April, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).